## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between RIGOBERTO A. ARRIOLA, each individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiff"), on the one hand, and SALTOTO, INC, a New York corporation and SALVATORE INZERILLO, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, asserted claims against the Defendants for alleged violations of the Fair Labor and Standards Act ("FLSA") and the New York Labor Law, in an action filed on May 23, 2017 in the United States District Court for the Southern District of New York (the "Court"), entitled Arriola et al v. Saltoto, Inc. et al, Case No. 1:17-cv-03898-JGK.

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiff, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

(1) Submission of Agreement for Court Approval; Dismissal of the Action. The parties shall jointly file the attached Stipulation of Discontinuance with Prejudice annexed to this Agreement as Exhibit A to the Court via the Electronic Court Filing (ECF) system. This Agreement shall not become final and binding upon the Parties until the Action, and all claims asserted by the Plaintiff therein, has been dismissed with prejudice by the Court.

(2) Settlement Amount. The Defendants shall pay to the Plaintiff the total sum of **Twenty-Three Thousand Dollars** $23,000.00 (the "Settlement Amount"), payable as follows:

  i. One initial payment of $10,000.00 due within thirty (30) days of the Court's Order approving of this Agreement to be paid as follows:

    1. One (1) check in the amount of $3,263.05, made payable to "Rigoberto A. Arriola". This payment shall be treated as a payment of wages for which an IRS W-2 shall be issued to Rigoberto A. Arriola and required withholdings and deductions taken, with Defendants paying the employer portion of any required taxes. All withholdings should be calculated based on a miscellaneous payroll period of 365 days.

    2. One (1) check in the amount of $3,263.04, made payable to "Rigoberto A. Arriola". The Parties agree that this payment shall be treated as liquidated damages and interest for which an IRS Form 1099 shall be issued.

    3. One (1) check in the amount of $3473.91 made payable to "Law Office of Justin A. Zeller, P.C.". The Parties agree that this payment shall be treated as attorneys' fees for which an IRS Form 1099 shall be issued.

  ii. Defendants are to make thirteen (13) additional payments every thirty (30) days beginning from the due date of the initial payment for a total of $13,000.00 to be payed as follows:

    1. One (1) check in the amount of $326.30, made payable to "Rigoberto A. Arriola". This payment shall be treated as a payment of wages for which an IRS W-2 shall be issued to Rigoberto A. Arriola and required withholdings and deductions taken, with Defendants paying the employer portion of any required taxes. All withholdings should be calculated based on a miscellaneous payroll period of 365 days.

    2. One (1) check in the amount of $326.30 made payable to "Rigoberto A. Arriola". The Parties agree that this payment shall be treated as liquidated damages and interest for which an IRS Form 1099 shall be issued.

    3. One (1) check in the amount of $347.40 made payable to "Law Office of Justin A. Zeller, P.C.". The Parties agree that this payment shall be treated as attorneys' fees for which an IRS Form 1099 shall be issued.

All settlement payments shall be made by check and shall be delivered to: Law Office of Justin A. Zeller, P.C., 277 Broadway #408, New York, NY 10007.

    iii. In the event that any payment set forth in Paragraph 2 is not received by Plaintiff's counsel by the deadline set forth therein, Plaintiff's counsel shall notify Defendants' counsel, via email and/or facsimile transmission of said missed payment. In the event that Defendants fail to cure said default within ten (10) days of receipt of said notice, the Plaintiff shall be permitted to enter judgment against Defendants in the amount of the Settlement Amount, less any monies theretofore paid by Defendants under this Agreement.

(3) Release: (a) In consideration for the foregoing, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVES, RELEASES** and **FOREVER DISCHARGES** Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, representatives, attorneys, or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement. To the fullest extent permitted by law, the Plaintiff **PROMISES NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Releasees in the future, individually or as a member of a class. This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Plaintiff, his heirs, legal representative and assigns. However, nothing in this agreement shall prevent the Plaintiff from seeking enforcement of this agreement in a court of competent jurisdiction.

(4) Non-Assignment of Claims: The Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and the Plaintiff shall defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs.

(5) Each Party To Bear Its Own Attorneys' Fees. The Parties shall each bear their own attorneys' fees, costs, and expenses, except as may be expressly provided herein.

(6) <u>Mutual Non-Disparagement Agreement.</u> Plaintiff agrees not to disparage any of the Defendants or the Releasees in any manner likely to be harmful to them or their business, business reputation, or personal reputation. Nothing in this Paragraph is intended to limit in any way the Plaintiff's right to report possible violations of law or regulation to any governmental agency. The foregoing provisions of this Paragraph will likewise apply to Defendants Saltoto, Inc. and Salvatore Inzerillo as well as Defendants' directors, shareholders, and officers.

(7) <u>Tax Liability and Indemnity.</u> The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount except for the amount stated to be treated as payment of wages. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of any portion of the Settlement Amount paid by the Defendants pursuant to this Agreement. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by the Plaintiff, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority.

(8) <u>Successors and Assigns.</u> This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(9) <u>Entire Agreement.</u> This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(10) <u>Modification in Writing.</u> This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(11) <u>No Other Assurances.</u> The Plaintiff acknowledges that, in deciding to execute this Agreement, she has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(12) Governing Law.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(13) Joint Preparation.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(14) Severability.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.  Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff shall promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(15) Captions.  Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(16) Execution.  This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

I, **RIGOBERTO A. ARRIOLA**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
RIGOBERTO A. ARRIOLA

Sworn to before me this
_1st_ day of _August_, 2018

_____
Notary Public

---
**REGINE PATRICIA HEIDEN**
Notary Public, State of New York
No. 02HE6249449
Qualified in Nassau County
Commission Expires Oct. 11, 2019
---

**DEFENDANTS:**

STATE OF NEW YORK )
) ss:
COUNTY OF _Queens_ )

I, **SALVATORE INZERILLO**, individually and on behalf **SALTOTO, INC**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of SALTOTO, INC.

Sworn to before me this
__1__ Day of _August_, 2018

**SALVATORE INZERILLO**, individually
and on behalf of **SALTOTO, INC**

_Notary Public_

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4638402
Qualified in Queens County
Commission Expires June 30, 2019